IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES D. McKINNEY,

    Plaintiff,

v.                                                                                                  No. 1:12-cv-01101-JDB-egb

McNAIRY COUNTY, TENNESSEE, McNAIRY
COUNTY SHERIFF'S DEPARTMENT, SHERIFF
GUY BUCK, in his official and individual capacity
as the Sheriff of McNairy County, Tennessee, STEVE
ELLSWORTH, in his official and individual capacity
as a deputy for the McNairy County Sheriff's
Department, JEREMY RUSSELL, in his official and
individual capacity as a deputy for the McNairy County
Sheriff's Department, JAMIE WEST, in his official and
individual capacity as a deputy for the McNairy
County Sheriff's Department, ET. AL.,

    Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

---

    Plaintiff, James D. McKinney, brought this civil proceeding for damages against Defendants, City of Selmer, Tennessee, McNairy County, Tennessee, City of Selmer Police Department, McNairy County Sheriff's Department, Selmer City Mayor David Robinson, Neal Burks, Kim Holley, Tony Miller, Christopher Reynolds, William A. Westbrooks, Chris Kerr, Sheriff Guy Buck, Steve Ellsworth, Jeremy Russell, Jamie West, McNairy Hospital Corporation, McNairy Regional Hospital, Patricia Siebel, Tina Hardin, Shereda Saint, and Eunice Reese, deriving from an incident involving alleged excessive force by a police officer. (Compl., Docket Entry ("D.E.") 1.) The Plaintiff claims violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1983, the Tennessee

1

Constitution, statutory laws of Tennessee, the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. 529-20-101 et. seq., and the Tennessee common law for assault and battery, negligence, false arrest and imprisonment, negligent infliction of emotional distress, and premises liability. Before the Court is Defendants, McNairy County, Tennessee, McNairy County Sheriff's Department, Sheriff Guy Buck, Steve Ellsworth, Jeremy Russell, and Jamie West's, motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (D.E. 42.) For the reasons set forth below, the Defendants' motion is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL BACKGROUND

The Plaintiff alleges the following facts. On or about April 28, 2011 and April 29, 2011, McKinney was approached by Selmer (Tennessee) Police Department Officer Christopher Reynolds who accused him of fleeing from Reynolds earlier in the night and driving with a suspended or revoked license. (Compl. ¶ 57.) After Plaintiff denied these allegations, Reynolds assaulted McKinney by punching, kicking, beating, and dragging him across the ground before placing him in the back seat of his patrol car. (Id. at ¶¶ 58-59.) McKinney was also sprayed in the face with a chemical agent. (Id. at ¶ 60.) The officer then transported McKinney to the McNairy County Regional Hospital, but along the way, assaulted Plaintiff for a second time. (Id. at ¶ 67.) Once at the hospital, Officer Reynolds again struck McKinney in the face before allowing him to receive medical attention for his injuries. (Id. at ¶ 71.) After treating McKinney, the hospital personnel released him back into the custody of the officer who drove him to the McNairy County Jail. (Id. at ¶¶ 74-75.) Once at the jail, Reynolds "hip tossed" McKinney onto the floor of the sally port and exited the building. (Id. at ¶ 83.) Other officers stood Plaintiff upright against the wall, at which point Reynolds reentered the sally port. (Id. at ¶ 84.) Reynolds removed the Plaintiff's handcuffs and attempted to provoke a fight with him. (Id. at ¶ 85.) When

McKinney refused, Reynolds began to repeatedly slam Plaintiff's head into a cinderblock wall. (Id. at 85.) McNairy County Sheriff's Department employees Sergeant Ellsworth, Deputy West, and Deputy Russell all witnessed the attack but took no action to prevent Officer Reynolds from further injuring McKinney. (Id. at ¶ 86.) After this encounter, McKinney was returned to the McNairy County Regional Hospital which immediately transferred him to the Regional Medical Center in Memphis where he remained under observation for eight days. (Id. at ¶ 105.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the United States Supreme Court provided lower courts with a two-prong test for analyzing 12(b)(6) motions. First, the reviewing court should consider what allegations are merely "legal conclusions" and disregard them when ruling on the motion. Id. at 678, 129 S. Ct. at 1949. Second, the court should evaluate the remaining well-pleaded facts and determine whether they

3

gives rise to a "plausible claim for relief." Id. at 679, 129 S. Ct. at 1950. At this stage, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556, 127 S. Ct. at 1965. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

## III. LEGAL ANALYSIS

A. Official Capacity Claims

The individually named McNairy County Defendants contend that the official capacity claims against them should be dismissed. They argue that these assertions are redundant since McNairy County itself is a party to the action. The Court agrees. "A suit against an individual in his official capacity is the equivalent of a suit against the government entity." Myers v. Potter, 422 F.3d 347, 357 (6th Cir. 2005) (quoting Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)). Suing the individual defendants in their official capacities is identical to suing McNairy County itself. Because McNairy County is already a party to this action, the official capacity claims against the McNairy County Defendants are superfluous. In support of his argument that the official capacity claims should be permitted to move forward, the Plaintiff only references non-dispositive and inconclusive Tennessee state court decisions. See, e.g., Autry v. Hooker, 304 S.W.3d 356, 364 n. 9 (Tenn. Ct. App. 1999) ("The individual defendants sued in their official capacities argue that they should be dismissed, because the suit against them in their official capacity is duplicative of the suit against the entity that they represent . . . *we need not address*

*this issue*.") (emphasis added). Accordingly, Defendants Buck, Ellsworth, Russell, and West's motion to dismiss the official capacity claims against them is GRANTED.

    B.  Sheriff Buck's Individual Capacity Claims

Sheriff Buck asserts that the claims against him in his individual capacity also should be dismissed as there are no allegations that he was personally involved in the events leading to this action. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior,* proof of personal involvement is required for a supervisor to incur personal liability." Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008) (quoting Miller v. Calhoun Cnty., 408 F.3d 803, 817 n. 3 (6th Cir. 2005)). "[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" Cardinal v. Metrish, 564 F.3d 794, 802-03 (6th Cir. 2009) (quoting Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Combs, 315 F.3d at 558 (quoting Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir. 1982)). Here, McKinney asserts nothing in his complaint alleging any personal involvement by Buck nor does he argue that Buck approved or knowingly acquiesced to the assault. Rather, the complaint only states that the Sheriff is responsible for the "selecting, hiring, training, supervision, control, discipline, retention, and actions" of Sheriff's Department employees. (Compl. ¶ 21.)

Plaintiff also accused the Sheriff of failing to properly train his employees on how to react in an excessive force situation.[1] (Id. at ¶ 97.) However, failing to train employees cannot give rise to § 1983 liability as a claim "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "Absent evidence of personal involvement in the underlying misconduct, failure-to-train claims against individual defendants are properly deemed brought against them in their official capacities, to be treated as claims against the county." Harvey v. Campbell Cnty., Tenn., 453 Fed. Appx. 557, 563 (6th Cir. 2011) (citing Miller v. Calhoun Cnty., 408 F.3d 803, 817 n.3 (6th Cir. 2005). Nothing in the complaint alleges personal involvement or knowledge by the Sheriff as to the assault; rather, it merely asserts that he was a supervisory official. Because of this, the Sheriff cannot be held individually liable under either a theory of failure-to-train or supervisory liability. Therefore, Sheriff Buck's motion to dismiss all claims against him in his individual capacity is GRANTED.

C. McNairy County Sheriff's Department

Defendants seek dismissal of the McNairy County Sheriff's Department as a party, asserting that the Department is not a suable entity. The Court agrees, noting that the County and not the Sheriff's Department is "the proper party to address the allegations of [the] complaint." Matthews, 35 F.3d at 1049. Plaintiff contends that this holding does not apply to the instant case because the court in Matthews relied on Kentucky law in determining that a police department was not a suable entity. While the Court acknowledges that Matthews applied Kentucky law, its holding has been regularly and uniformly applied by federal courts in Tennessee. See, e.g.,

---

[1] Defendant Buck requests that all § 1983 claims brought against him in his individual capacity be dismissed. While it is unclear from Plaintiff's complaint whether he is suing Buck in his individual capacity as to the "failure-to-train" claim, the Court considers it appropriate to evaluate this claim. If it is asserted against Buck in his individual capacity, it falls within Defendant's catch-all petition that § 1983 claims against him in his individual capacity be dismissed.

Mathes v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D.Tenn. Aug. 25, 2010); CP v. Alcoa Police Dep't, No.: 3:10–CV–197, 2010 WL 2698290, at *2 (E.D.Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); Pruitt v. Lewis, No. 06-2861, 2007 WL 4293037, at *2 (W.D.Tenn. Dec. 6, 2007) ("It is well established that a '[county sheriff's] department is not a legal entity separate from its parent [county].'"). Plaintiff directs the Court to Kennibrew v. Russell, 578 F.Supp. 164 (E.D.Tenn. 1983), which held that the Knox County Sheriff's Department was a "local government unit" that could be sued under § 1983. Id. at 166-67. However, "no subsequent Tennessee district court has adopted this holding, and the [Western District of Tennessee] has specifically rejected it." Mathes, 2010 WL 3341889, at *1 (citing Boling v. Gibson Cnty., No. 05-1129-T-AN, 2005 WL 1936299, at *1 (W.D.Tenn. Aug. 1, 2005)). Accordingly, Defendants' motion to dismiss the McNairy County Sheriff's Department as a party to this action is GRANTED.

D. Fourth, Fifth, and Eighth Amendment Claims

Next, the McNairy County Defendants argue that Plaintiff's Fourth, Fifth, and Eighth Amendment claims against them are without merit. The Court agrees that Plaintiff's Fifth and Eighth Amendment claims are inapplicable to the instant case. The Fifth Amendment applies only to actions by the federal government. Scott v. Clay County, Tenn., 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."). Here the complaint makes no reference to any event attributable to a federal actor. Likewise, McKinney's Eighth Amendment claim fails and is inapposite to the facts of this case. "The Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." Aldini v.

7

Johnson, 609 F.3d 858, 864 (6th Cir. 2010). As McKinney was at most an arrestee at the time of his assault, the Eighth Amendment is inapplicable.

With respect to his assertion under the Fourth Amendment, the Defendants argue that McKinney's arrest was complete when he arrived at the McNairy County Jail and that any use of force at that point should instead be analyzed under the Due Process Clause of the Fourteenth Amendment. The United States Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L .Ed. 2d 443 (1989) (emphasis omitted). "The Supreme Court has deliberately left undecided the question of 'whether the Fourth Amendment continues to provide protection against deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins.'" Aldini, 609 F.3d at 864 (quoting Graham, 490 U.S. at 395 n.10, 109 S. Ct. at 1871). In response, the Sixth Circuit promulgated its own determination, holding that Fourth Amendment protections continue to apply until an arrestee is afforded a probable-cause hearing. Id. at 867. ("We therefore join the Ninth and Tenth Circuits in setting the dividing line between the Fourth and Fourteenth Amendment zones of protection at the probable-cause hearing."). When McKinney arrived at the McNairy County Jail, he had not yet received a probable-cause hearing and therefore continued to enjoy Fourth Amendment protections.

For the reasons stated above, Defendants' motion to dismiss as to Plaintiff's Fifth and Eighth Amendment claims is GRANTED but DENIED as to his claim under the Fourth Amendment.

E.  GTLA Claims

Last, the Defendants request that the Court decline to exercise its jurisdiction over Plaintiff's Tennessee Governmental Tort Liability Act (GTLA) claims. GTLA provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities" except as otherwise provided in the Act. Tenn. Code Ann. § 29-20-201(a). The Act further provides that "[t]he [Tennessee state] circuit courts shall have exclusive original jurisdiction over any action brought under this chapter and shall hear and decide such suits without the intervention of a jury, except as otherwise provided. . ." Tenn. Code. Ann. § 29-20-307. While this language does not defeat this Court's 28 U.S.C. § 1367 supplemental jurisdiction, a "district [court] may decline to exercise supplemental jurisdiction over a claim '… if … in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Gregory v. Shelby Cnty., Tenn., 220 F.3d 433, 446 (6th Cir. 2000) (quoting 28 U.S.C. § 1367(c)). The Sixth Circuit in Gregory found that the Tennessee legislature's clear preference that GTLA claims be handled by its own state courts constituted one of these exceptional circumstances for declining jurisdiction. Id. Consequently, district courts in Tennessee have regularly declined to exercise its supplemental jurisdiction over GTLA claims, and this Court finds no compelling reason to act differently with regards to the instant case. See, e.g., Hullett v. DeKalb Cnty., Tenn., No. 2:11-0016, 2012 WL 398288, at *3 (M.D.Tenn. Feb. 7, 2012); Cunningham v. Reid, 337 F.Supp.2d 1064, 1069-70 (W.D.Tenn. 2004). Accordingly, plaintiff's motion to dismiss as to the GTLA claims is GRANTED, and these claims are DISMISSED WITHOUT PREJUDICE.

IV. CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss as to Plaintiff's claims against the McNairy County Defendants in their official capacity, against Sheriff Buck in his individual capacity, and against the McNairy County Sheriff's Department is GRANTED. Additionally, Defendants' motion to dismiss as to Plaintiff's Fifth and Eighth Amendment claims is GRANTED. The Court declines to exercise its supplemental jurisdiction over Plaintiff's GTLA claims and therefore orders that they be DISMISSED WITHOUT PREJUDICE. Lastly, Defendants' motion to dismiss as to the Fourth Amendment claims is DENIED.

IT IS SO ORDERED this 11th day of October, 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE